**KOLMAN ELY, P.C.**
By: W. Charles Sipio, Esquire
Attorney ID #: 026602012
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BENJAMIN E. SMITH** | NO. _____ |
| *Plaintiff*, | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| **CRONIN LAW FIRM LLC** | |
| -and- | |
| **JOSEPH D. CRONIN** | |
| *Defendants*. | |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendants for unlawful discrimination, breach of contract and wage violations.

## PARTIES

2. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

3. Plaintiff is an attorney and an adult individual residing in Philadelphia, Pennsylvania.

4. Plaintiff is licensed to practice law in the Commonwealth of Pennsylvania and the State of New Jersey.

5. Defendant, Cronin Law Firm LLC ("the firm") is a Pennsylvania limited liability corporation with principal places of business at 1500 JFK Blvd. Suite 1010, Philadelphia, PA 19012 and Two Executive Campus, 2370 Route 70 West, Suite 402, Cherry Hill, NJ 08002.

6. Upon information and belief, the firm has wound up operations in its Philadelphia office and primarily operates out of its office in Cherry Hill, NJ

7. Defendant Joseph D. Cronin ("Cronin") is an adult individual believed to reside in Haddonfield, NJ within Camden County.

8. Cronin is believed and therefore averred to be a licensed attorney in the State of New Jersey and the Commonwealth of Pennsylvania primarily engaged in the practice of personal injury law.

9. At all times relevant hereto, each Defendant acted by and through his, her or its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his, her or its job duties.

## JURISDICTION and VENUE

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. The Court may properly maintain personal jurisdiction over each Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

12. The United States District Court for the District of New Jersey may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

13. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims

within the Court's original jurisdiction in that they form part of the same case or controversy.

14. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because each Defendant is located in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL BACKGROUND

15. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

16. Plaintiff began his employment working for Defendants in or around August 2015 as a part-time law clerk.

17. By May 2016, Plaintiff became a full-time law clerk.

18. In or around October 2016, Plaintiff passed the bar exam and became a full-time associate attorney working for Defendants.

19. In or around December 2016, Defendants entered into an oral agreement with Plaintiff, Attorney Joshua Thomas and Attorney Tony Tancini wherein five ("5") percent of contingency cases settled by the firm would be paid to each attorney who worked on the case.

20. Under the agreement, Plaintiff and the other attorneys working for the practice would collect 33.3% of the firm's contingency fee for cases that were originated by the attorney.

21. Under the agreement, Plaintiff and the other attorneys working for the practice would collect 20% of fees generated from hourly cases that were originated by the attorney.

22. In or around January 2017, Defendants paid two bonuses to Plaintiff for a little over $5000.00 each for two cases that had settled, thus substantiating the existence of the oral agreement.

23. In or around June 22, 2017, Defendants settled a case that resulted in a $920,000.00 total recovery.

24. At that point, Plaintiff earned a bonus of roughly $10,000.00 based on the firm's contingent fee.

25. That earned bonus was not paid to the Plaintiff in breach of the agreement.

26. Around the time of the settlement, Defendant Cronin began circulating text messages with Stacy Sloan, the Defendants' former office manager, indicating that he was concerned with the terms of the agreement for bonuses and that he wanted to change the terms.

27. In or around July 2017, the firm settled another case for a client resulting in a $225,000.00 total recovery.

28. At that point, Plaintiff earned an approximate $4000.00 bonus based on the firm's contingent fee.

29. That earned bonus was not paid to the Plaintiff in breach of the agreement.

30. On or about August 16, 2017, Plaintiff discovered text messages sent by Cronin and his agents that included derogatory jokes about his Asian race.

31. Amongst other things, Plaintiff was also referred to as "little motherfucker", "little boy", "child" and "baby" by Cronin.

32. In another message, Cronin responded to a text message sent from an employee of the firm referencing Plaintiff with a picture of a purported "Samurai" with the caption "Me Doggie Gotta Poopie So Me Late", which has been reproduced below:



33. Cronin responded by saying "Haha. Classic!"

34. Cronin went on to verbally indicate repeatedly in the morning how funny he thought the picture was to at least Stacy Sloan and effectively associated himself with racist bigotry.

35. Plaintiff sustained intentional discrimination based on his ancestry and/or ethnic characteristics.

7

36. At that point, it became apparent to Plaintiff that he was being subjected to a hostile-work environment.

37. On or about August 25, 2017, Plaintiff was constructively discharged when he was forced to tender his resignation in light of the unprofessional, crude, racist and discriminatory text messages.

38. Any reasonable person in Plaintiff's position would feel compelled to resign.

39. Plaintiff provided Defendant Cronin with a resignation letter and requested payment of his earned bonuses.

40. Defendant Cronin then argued with Plaintiff and said the bonuses were "discretionary" and not "earned."

41. However, Cronin told Plaintiff he would "keep his word" and work out something "mutually acceptable" which was an admission that Defendant Cronin knew about the valid and binding agreement.

42. Plaintiff was not paid earned bonuses due and owing for the $920,000.00 settlement or the $225,000.00 settlement.

43. Plaintiff was even unpaid for a case he originated where his own mother was a client.

44. In the case of Plaintiff's mother, Plaintiff was entitled to a $500.00 fee.

45. Plaintiff also originated another client couple that paid a $2500.00 retainer to the law firm.

46. That fee was earned and unpaid by Defendants.

47. Plaintiff's earned fee with respect to the client couple and another client was $500.00 each plus 20% of any billable hours.

48. That fee was earned and unpaid by Defendants.

49. Moreover, upon information and belief, during the summer of 2017, Defendants were issued a criminal citation by the Office of the District Attorney in Philadelphia, Pennsylvania for fraudulently failing to pay $8720.36 in unemployment compensation taxes in violation of Pennsylvania law (43 P.S. § 872).

<u>COUNT I</u>
**42 U.S.C. § 1981**
**Race Discrimination**
*Plaintiff v. All Defendants*

50. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with each Defendant.

52. At all times relevant herein, each Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a

result of his race and thereby deny him the benefits of the contractual relationship he had entered or sought to enter into with each Defendant by discriminating against him.

53. Plaintiff was also subjected to a hostile-work environment.

54. As a result of each Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### New Jersey Law Against Discrimination ("LAD")
### Race and National Origin Discrimination
*Plaintiff v. All Defendants*

55. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

56. The New Jersey Law Against Discrimination (N.J.S.A. 10:5-12) (LAD) makes it unlawful to subject people to differential treatment based on race, creed, color, national origin, nationality, ancestry, age, sex (including pregnancy), familial status, marital status, domestic partnership or civil union status, affectional or sexual orientation, gender identity or expression, atypical hereditary cellular or blood trait, genetic information, liability for military service, and mental or physical disability, perceived disability, and AIDS and HIV status.

57. Plaintiff was subjected to unlawful discrimination on the basis of his race and/or national origin in violation of the LAD.

58. Plaintiff has suffered damages as set forth herein.

## COUNT III
## New Jersey Law Against Discrimination ("LAD")
## Hostile Work Environment
### *Plaintiff v. All Defendants*

59. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

60. At all times relevant hereto, Plaintiff was subjected to an unlawful hostile work environment that would not have occurred but for Plaintiff's national origin and/or race.

61. The conduct pleaded herein was severe or pervasive enough to make a reasonable person similarly situated believe that the conditions of employment were altered and the working environment was hostile or abusive.

62. At all times relevant hereto, Plaintiff was subjected a hostile work environment on the basis of race and national origin and suffered damages as a result.

## COUNT IV
## New Jersey Wage Payment Act (Wage Act)
### *Plaintiff v. All Defendants*

63. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

64. New Jersey law prohibits employers from withholding or diverting any portion of an employee's wages unless the employer is required or empowered to do so by state or federal law, or the employer withholds or diverts an amount for an authorized contribution.

65. Wages as used in the Wage Act are defined as "direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J.S.A. 34:11-4.1(c).

66. An aggrieved employee under the Wage Act has a right to a private cause of action consistent with N.J.S.A. § 34:11-4.7 and applicable decisional law.

67. At all times relevant hereto, Defendants unlawfully withheld "wages" from the Plaintiff that were due and owing.

68. Plaintiff has suffered damages as set forth herein.

## COUNT V
### Breach of Contract or, in the Alternative, Unjust Enrichment
*Plaintiff v. All Defendants*

69. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

70. At all times relevant hereto there was a valid contract, defective performance by the Defendants, and resulting damages to the Plaintiff.

71. Plaintiff has suffered damages as a result of the Defendants' conduct.

72. Alternatively, consistent with Fed.R.Civ.P. 8(d)(2), Defendants are liable to Plaintiff for unjust enrichment.

73. At all times relevant hereto, Defendants received a benefit and that retention of that benefit without payment would be unjust as a matter of law.

74. At all times relevant hereto, Plaintiff expected remuneration from the Defendants at the time he performed or conferred a benefit on Defendants and that the failure of remuneration enriched Defendants beyond contractual rights.

75. Plaintiff has suffered damages as a result of the Defendants' conduct.

## COUNT VI
### Breach of Implied Covenant of Good Faith and Fair Dealing
*Plaintiff v. All Defendants*

76. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

77. Every contract in New Jersey contains an implied covenant of good faith and fair dealing.

78. Moreover, in every contract in New Jersey there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

79. Additionally, the obligation to perform in good faith exists in every contract including where the contract is terminable at will.

80. At all times relevant hereto, Defendants acted in with bad faith or intention by frustrated the justified expectations of the Plaintiff.

81. Plaintiff has suffered damages as a result of the Defendants' conduct.

## COUNT VII
## Fraud
### *Plaintiff v. All Defendants*

82. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

83. At all times relevant hereto, there was a material misrepresentation by Defendants to Plaintiff about the terms and conditions of his employment.

84. At all times relevant hereto, there was knowledge or belief by the Defendants of the falsity of the employment relationship and fee arrangements.

85. At all times relevant hereto, there was an intention that the Plaintiff rely on the falsity of the employment relationship and fee arrangements to generate monies for the Defendants.

86. At all times relevant hereto, there was reasonable reliance by the Plaintiff on Defendants' misrepresentations.

87. Plaintiff has suffered damages as a result of the Defendants' conduct.

## COUNT VIII
## Conversion
### *Plaintiff v. All Defendants*

88. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

89. At all times relevant hereto, there was property in the form of monies and right to immediate possession thereof belonging to the plaintiff.

90. At all times relevant hereto, there was a wrongful act by Defendants which interfered with Plaintiff's right of immediate possession and/or right of possession in accordance with the Wage Act.

91. Plaintiff has suffered damages as a result of the Defendants' conduct.

## COUNT IX
## Accounting
### *Plaintiff v. All Defendants*

92. All of the allegations in the above paragraphs are hereby incorporated as if fully set forth herein.

93. At all times relevant hereto, there was a fiduciary relationship between the parties and a duty by the Defendants to account to the Plaintiff for contractually earned fees.

94. An accounting is required for discovery to ascertain an intelligible breakdown of expenses and disbursements made to settlements wherein Plaintiff was entitled to a contractually earned fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enter an Order as follows:

   a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

   b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

   c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by each Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish each Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter each Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff is to be accorded any statutory enhancements provided for by law.

l. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**

/s/ W. Charles Sipio
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Plaintiff*

Dated: October 25, 2017

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

     I, W. Charles Sipio, Esquire, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

                                                  /s/ W. Charles Sipio
                                                   W. Charles Sipio, Esquire

Dated:       October 25, 2017